# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT FLYNN, | : | CIVIL ACTION NO. 3:12-2559 |
|---|---|---|
| Plaintiff | : | (JUDGE MANNION) |
| v. | : | |
| BOROUGH OF JERMYN, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is the defendants' motion to dismiss the plaintiff's complaint. (Doc. No. 4). Based on a review of the motion and related materials, the defendants' motion will be granted.

## I. PROCEDURAL HISTORY

On November 30, 2012, the plaintiff filed a complaint against the defendants in the Court of Common Pleas of Lackawanna County which alleges claims of a Violation of Plaintiff Flynn's Constitutional Right to be Free from Injury to Reputation and Given Due Process, (Count I); False Light, (Count II); Defamation, (Count III); and Publicity Given to a Private Life, (Count IV). Plaintiff seeks relief only pursuant to 42 U.S.C. §1983 for each of these claims. (Doc. No. 1). As such, on December 20, 2012, the defendants removed the action to this court. (Id.).

On February 6, 2013, the defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. (12)(b)(6) and 12(e). (Doc. No. 4). On February

20, 2013, the defendants filed a supporting brief. (Doc. No. 6). The plaintiff filed a brief in opposition to the defendants' motion on March 11, 2013. (Doc. No. 10). On March 28, 2013, the defendants filed a reply brief. (Doc. No. 12).

## II. STANDARD OF REVIEW

The defendants' motion to dismiss is brought, in part, pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss.

## III. DISCUSSION

The instant action arises out of the termination of the plaintiff's employment as a police officer with the Borough of Jermyn. The following allegations from the plaintiff's complaint are taken as true for purposes of the instant motion to dismiss. The plaintiff was hired as a police officer by the Borough of Jermyn in October of 1994 and served in that capacity for over 17 years.

3

On June 24, 2012, the plaintiff was suspended for allegedly not completing the re-certification process for first aid, which was a requirement for his employment. The plaintiff proceeded to obtain his first aid re-certification and provided proof of this to the Chief of Police for the Borough of Jermyn by July 10, 2012. Even after receiving proof of the plaintiff's re-certification, the Borough refused to reinstate the plaintiff. Instead, on September 13, 2012, the Borough Council held a meeting, at which an oral decision was made to officially terminate the plaintiff from his position.

On the following day, September 14, 2012, the Scranton Times ran an article publicizing the fact that the plaintiff was terminated for allegedly not completing his first aid certification.

In his complaint, the plaintiff alleges that he was never provided notice and the proper procedure to present his case prior to his termination, nor was he ever counseled or warned in any way prior to his termination. The plaintiff also alleges that the Borough Council never issued findings of fact supporting their decision to officially terminate him.

As indicated above, the plaintiff sets forth four separate counts in his complaint: Count I lists all defendants, including the individual defendants in their official and individual capacities, and alleges a violation of the plaintiff's constitutional right to be free from injury to reputation and given due process; Count II, also against all defendants, alleges false light; Counts III and IV, which are against only the Borough of Jermyn, allege defamation and publicity

4

given to a private life, respectively.

Based on the claims set forth in his complaint, the plaintiff is seeking various forms of monetary and injunctive relief, including reinstatement, nominal damages, punitive damages, attorney's fees and costs, pre-and post-interest, delay damages, reformation of his employment records, letters of good reference, and a public apology.

In the pending motion to dismiss, the defendants raise several arguments for dismissal of the plaintiff's claims. Of relevance here, in Section D of the motion, the defendants argue that Count I of the plaintiff's complaint, "Violation of Plaintiff Flynn's Constitutional Right to be Free from Injury to Reputation and Given Due Process," should be dismissed for failure to state a claim upon which relief can be granted. In doing so, the defendants bifurcate the claim into two components: (1) an injury to reputation claim and (2) a due process claim. As to the first component, the defendants argue that injury to reputation alone is not an interest protected by the Due Process Clause. Separately, as to the second component, the defendants argue that the plaintiff "alleges some unstated right to be given due process." The defendants argue that the complaint, on its face, sets forth that the defendants, in fact, provided the plaintiff adequate procedural due process in relation to his termination and that the plaintiff has otherwise failed to properly allege any due process claim.

In considering the claim set forth in Count I of the plaintiff's complaint,

the plaintiff alleges that the defendants publicly humiliated him by accusing him of being unfit to serve as a police officer because of an alleged expired first aid certification. The plaintiff alleges that his employment with the Borough was terminated as a result of his alleged failure to obtain the re-certification and that this was done without providing him notice and the proper procedure to present his case prior to being officially terminated. As a result, the plaintiff alleges that his reputation and property interest in his job have been harmed.

In Wisconsin v. Constantineau, 400 U.S. 433 (1971), the Supreme Court held that an individual has a protectable interest in reputation. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Id. at 437. Subsequently, courts clarified that "reputation alone is not an interest protected by the due process clause" of the Fourteenth Amendment. Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (quoting Versarge v. Twp. of Clinton, 984 F.2d 1359, 1371 (3d Cir. 1993)). Rather, the Due Process Clause only protects a liberty interest in reputation when the plaintiff shows a "stigma" to reputation "plus deprivation of some additional right or interest." Dee v. Borough of Dunmore, 549 F.3d 225, 233-34 (3d Cir. 2008) (quoting Hill, 455 F.3d at 236). Under the "stigma-plus" test as it is called, the "stigma" is the "creation and dissemination of a false and defamatory impression," and the termination of employment is the "plus." Hill,

455 F.3d at 236. When it is determined that a public employer has created and disseminated a false and defamatory impression about an employee in connection with his termination, due process applies and the employee is entitled to a "name-clearing hearing." Id.

"In constitutional jurisprudence, stigmatization is a term of art, URI Student Senate v. Town of Narragansett, 631 F.3d 1, 9 (1st Cir. 2011), and encompasses statements that falsely accuse a plaintiff of serious wrongdoing, Jennings v. Owen, 602 F.3d 652, 658 (5th Cir. 2010). In order to satisfy the "stigma" prong of the "stigma-plus test," the plaintiff must establish: (1) publication of (2) a substantially and materially false statement (3) that infringed upon the reputation, honor, or integrity of the employee. Brown v. Montgomery Cnty., 470 Fed.Appx. 87, 91 (3d Cir. 2012). Charges which have been considered to infringe upon the reputation, honor, or integrity of an individual include charges of immorality, dishonesty, alcoholism, disloyalty, communism, or subversive acts. See e.g., Elliot v. Hinds, 786 F.2d 298 (7th Cir. 1986) (citations omitted).

In this case, even assuming that there was a false statement which was made public by the defendants[1], the plaintiff's claim still fails on the first prong of the stigma-plus test in that the alleged statement only related to a technical aspect of the plaintiff's job performance, (i.e., the requirement that he

---

[1] On these matters, the court makes no ruling at this time.

maintain a current first aid certification), and not to his reputation, honor or integrity. Statements which allege "merely improper or inadequate performance, incompetence, neglect of duty or malfeasance" are "not sufficiently stigmatizing to implicate a liberty interest." Brown v. Montgomery County, 470 Fed.Appx. 87, 91 (3d Cir. 2012) (quoting Mercer v. Cedar Rapids, 803 F.3d 840, 845-46 (8th Cir. 2002)) (claim by plaintiff that defendants published articles in newspapers referring to employees' conduct as "malfeasance" and claiming that "employees violated county code by having alcohol on county property [and] . . . violated the county's code of ethics by engaging in inappropriate behavior" did not satisfy the stigma prong of the stigma-plus test). See also e.g., Young v. Kisenwether, 902 F.Supp.2d 548 (M.D.Pa. 2012) (claim that plaintiff's public firing "created and disseminated a false and defamatory impression that plaintiff's performance as an employee was poor or subpar was insufficient to satisfy the stigma prong of the stigma-plus test); Howard v. Pennsylvania Dep't of Public Welfare, 2013 WL 102662 (Jan. 9, 2013, E.D.Pa.) (claim that employer's publication of false information that the plaintiff's removal was for an "unauthorized/insubordinate absence" was insufficient to establish stigma prong as it related only to the plaintiff's job performance, not her reputation, honor, or integrity). Because the statements allegedly publicized in relation to the plaintiff's termination were not sufficiently stigmatizing, the plaintiff has failed to allege any due process claim based upon injury to his reputation and

8

the defendant's motion to dismiss Count I of the plaintiff's will be granted on this basis.

As for the plaintiff's claims for false light and defamation, Counts II and III of the complaint respectively, as argued by the defendants, these claims in and of themselves are not constitutional claims and are not actionable under §1983[2]. Unlike the plaintiff's claim for injury to reputation, the plaintiff has not sufficiently tied the claims in Counts II and III to any constitutional right. However, in his brief in opposition to the defendants' motion to dismiss, the plaintiff is insistent that the claims are actionable under §1983, claiming that each demonstrates "property interest violations and liberty interest violations under Section 1983.[3]" To the extent that the plaintiff is attempting

---

[2]False light and defamation are actionable state law torts. "The elements to be proven [in a false light claim] are publicity, given to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public." Dice v. Johnson, 711 F. Supp. 2d 340, 359-60 (M.D. Pa. 2010) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super.1997)).

In an action for defamation, the plaintiff has the burden of proving: 1) the defamatory character of the communication, 2) its publication by the defendant, 3) its application to the plaintiff, 4) the understanding by the recipient of its defamatory meaning, 5) the understanding by the recipient of it as intended to be applied to the plaintiff, 6) special harm resulting to the plaintiff from its publication, and 7) abuse of a conditionally privileged occasion. See Emekekwue v. Offor, 2012 WL 1715066 (M.D. Pa., May 15, 2012) (citing 42 Pa. Cons.Stat. §8343(a)).

[3]As the plaintiff is adamant that the claims are not simply state law torts, but constitutional violations actionable pursuant to §1983, the court will only
(continued...)

to piggyback the false light and defamation claims on to the constitutional stigmatization claim in Count I, they would fail for the same reason as the injury to reputation claim and will therefore be dismissed.

Moreover, with respect to Count IV of the plaintiff's complaint, the publicity given to a private life claim, the plaintiff alleges in his complaint, generally, that the "[d]efendants have given publicity to matters concerning the private life of another." In his brief in opposition to the defendant's motion seeking dismissal of this claim as improper under §1983[4], the plaintiff argues that the Supreme Court has recognized that the constitutional right to privacy encompasses an individual interest in avoiding disclosures of personal matters. The plaintiff argues that the defendants at an open, public hearing, stated the basis for his termination thereby disclosing private, personal information that should not have been identified to the public at large. It appears, therefore, that the plaintiff is attempting to convert his publicity given

---

[3](...continued)
address the claims as being brought pursuant to §1983, and will not consider the viability of the claims as if they were alternatively brought pursuant to Pennsylvania state law.

[4]Again, publicity given to a private life is a recognizable tort under Pennsylvania state law. See Lohman v. Borough, 2007 WL 4260943 (M.D. Pa., Nov. 29, 2007) (citing Harris by Harris v. Easton Publishing Co., 483 A.2d 1377, 1384 (Pa.Super.1984) (setting forth the elements of the tort of publicity given to a private life as: (1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person, and (4) is not of legitimate concern to the public.)).

to private life into a Fourteenth Amendment right to privacy claim. Even if the court were to deem this amendment of the plaintiff's claim proper[5], the claim would still be dismissed as insufficient.

"[T]he Constitution embodies a promise that a certain private sphere of individual liberty will be kept largely beyond the reach of government." Thornburgh v. American College of Obstetricians, 476 U.S. 747, 772 (1986). One of the types of privacy interests protected "is the individual interest in avoiding disclosure of personal matters". Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000). In considering a right to privacy claim, the central inquiry is whether the information is "within an individual's reasonable expectations of confidentiality." C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 178 (3d Cir. 2005) (quoting Fraternal Order of Police v. City of Philadelphia, 812 F.2d 105, 112 (3d. Cir. 1987) (quotations omitted)). The more intimate and personal the information, the more justified the expectation that the information will not be publically disclosed. Id.

Here, the fact that the plaintiff was terminated for allegedly failing to obtain his first aid re-certification was not information so intimate or personal that the plaintiff would have a reasonable expectation of privacy in not having that information released to the public. In fact, courts have found that a public

---

[5]It is well established that a plaintiff may not attempt to amend his complaint through a brief in opposition to a motion to dismiss. Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir.1988); Zoroya v. Hilliard, 2008 WL 219340 (W.D. Pa., Jan. 25, 2008).

employee's qualification for his particular position is a matter of legitimate public concern when by its very nature the employee's fitness for his position implicates public safety. Smith v. Borough of Dunmore, 2007 WL 762930, *8 (M.D.Pa., Mar. 7, 2007), aff'd by 633 F.3d 176 (3d Cir. 2011), (citing e.g., Caldwell v. City of Elwood, Ind., 959 F.2d 670, 672 (7th Cir. 1992); Janusaitis v. Middlebury Volunteer Fire Dept., 607 F.2d 17, 18, (2d Cir. 1979); Habel v. Macomb Twp., 2006 WL 508637, *8 (E.D.Mich., Mar. 1, 2006)). Thus, whether or not the plaintiff, a law enforcement officer, was properly certified for first aid is a matter of public concern and release of that information, whether true or not, cannot form the basis of a right to privacy claim.

## IV. CONCLUSION

In light of the foregoing, the defendants' motion to dismiss the plaintiff's complaint will be granted and the plaintiff's complaint will be dismissed with prejudice. Although the court would ordinarily grant plaintiff leave to amend prior to dismissing his complaint with prejudice on a motion pursuant to Fed.R.Civ.P. 12(b)(6), an amended complaint would prove futile in this case for the reasons set forth above. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004 ) ("We have held that even when a plaintiff does not seek leave to

12

amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 26, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2559-01.wpd